# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIA WEST,                                    Civil Action No. _____

        Plaintiff,

v.

PITTSBURGH OPERA, INC., ,

        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Antonia West, by her attorneys, Rothman Gordon, P.C. and Ernest B. Orsatti, Esquire, and files the following Complaint against the Pittsburgh Opera, Inc., and in support thereof avers as follows:

**I.  PARTIES**

1.  Plaintiff, Antonia West ("West"), is an individual residing at 5 Glenview Avenue, Greensburg, PA 15601.

2.  Defendant, Pittsburgh Opera, Inc. ("Opera"), is a corporation authorized to do business in Pennsylvania with its main offices located at 2425 Liberty Avenue, Pittsburgh, PA 15222, and is an Employer within the meaning of Section 3(d) of the Fair Labor Standards Act ("Act"), 29 U.S.C. § 203(d).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred on this Court by Sections 3(s)(1)(A) and 16(b) of the Act, 29 U.S.C. § 203(s)(1)(A) and § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

4. This Court is the proper venue for this action under Section 16(b) of the Act, 29 U.S.C. § 216(b) and by the provisions of 29 U.S.C. § 1391(b) as the actions of the Defendant complained of herein either occurred within this judicial district and/or had its intended effects within this judicial district.

## III. FACTUAL ALLEGATIONS

5. West has been an employee of the Opera for approximately 30 years prior to February 2017 as a theatrical wardrobe employee and as a wardrobe supervisor and brings this action to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the provisions of Section 16(b) of the Act, 29 U.S.C. § 216(b).

6. Throughout West's employment with the Opera, she has been a member of the Theatrical Wardrobe Union Local 787, International Alliance of Theatrical Stage Employees (IATSE), AFL-CIO ("Local 787"). For many of those years, West has served as a member of Local 787's Executive Board and as Business Agent.

7. The Collective Bargaining Agreement between Local 787 and the Opera effective September 1, 2011 to August 31, 2015 is attached hereto and made a part hereof as Exhibit 1. A copy of the Collective Bargaining Agreement between Local 787 and the Opera effective September 1, 2015 to August 31, 2017 is attached hereto and made a part hereof as Exhibit 2.

8. Pursuant to the Collective Bargaining Agreements between Local 787 and the Opera, separate Collective Bargaining Agreements were negotiated with respect to West as Wardrobe Supervisor. A copy of the 2014-2015 Wardrobe Supervisor Agreement is attached hereto and made a part hereof as Exhibit 3. A copy of the 2015-2016 Wardrobe Supervisor Agreement is attached hereto and made a part hereof as Exhibit 4. A copy of the 2016-2017 Wardrobe Supervisor Agreement is attached hereto and made a part hereof as Exhibit 5.

9. West is an employee within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

10. West is a salaried non-exempt employee.

11. The Opera has not been paying West overtime compensation for all hours worked in excess of 40 per week, but rather in excess of 11 hours per day.

## IV. **STATEMENT OF CLAIM**

12. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 11 as fully as though herein set forth at length.

13. The Opera has employed West at work weeks in excess of 40 hours without compensating her at the rate of one and one-half times her regular hourly rate in violation of Section 7 of the Act, 29 U.S.C. § 207.

14. West believes and therefore avers that this violation by the Opera was willful.

15. As a result of said violation of Section 7 by the Opera, there is now a sum due and owing to West in the amount of $16,748.50.

16. It was necessary for West to have the services of an attorney to institute and prosecute this action against the Opera on West's behalf.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant:

(a) For the amount of $16,748.50 of unpaid overtime compensation;

(b) For an equal amount of $16,748.50 as liquidated damages;

(c) For reasonable attorneys' fees;

(d) For costs of this suit; and

(e) For such other and further relief as the Court may deem proper and just.

Respectfully submitted,

ROTHMAN GORDON, P.C.

By:  /s/ Ernest B. Orsatti
     Ernest B. Orsatti, Esquire
     Pa. I.D. No. 19891

Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA 15219
(412) 338-1145 (telephone)
(412) 246-1745 (facsimile)
eborsatti@rothmangordon.com

Attorneys for Plaintiff